# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# HATTIESBURG DIVISION

**LEE EARL BROADUS**                                                                                         **PETITIONER**

**versus**                                                               **CIVIL ACTION NO. 2:11-cv-251-KS-MTP**

**STATE OF MISSISSIPPI, et al.**                                                                **RESPONDENTS**

## MEMORANDUM OPINION

Petitioner, an inmate at the Covington County Jail, Collins, Mississippi, filed a Petition for habeas corpus relief. On January 11, 2012, an order [ECF No. 6] was entered directing Petitioner to file an amended petition, on or before February 1, 2012. The Petitioner was warned in the Court's order that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the order would lead to the dismissal of his case. The Petitioner failed to comply with this order.

On February 24, 2012, an order [ECF No. 7] to show cause was entered. Petitioner was directed to file a written response showing cause why this case should not be dismissed for his failure to comply with the previous order [ECF No. 6], on or before March 10, 2012. The Petitioner was warned in the Court's order that failure to keep this Court informed of his current address or failure to timely comply with the requirements of the order would lead to the dismissal of his case. On March 2, 2012, the envelope [ECF No. 8] containing the order to show cause was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."

Since Petitioner is incarcerated and proceeding *pro se*, he was provided one final opportunity to comply with the Court's Orders prior to summary dismissal of this case. On March 28, 2012, the Court entered a Final Order to Show Cause [ECF No. 9] which directed

Petitioner to file a written response showing cause why this case should not be dismissed for his failure to comply with the Orders of January 11, 2012, and February 24, 2012. Petitioner was also directed to file his amended petition on or before April 12, 2012. The Final Order to Show Cause warned Petitioner that his failure to keep this Court informed of his current address or failure to timely comply with the order would result in the dismissal of this case without further notice to the Petitioner. On April 2, 2012, the envelope [ECF No. 10] containing the order to show cause was returned by the postal service with the notation "return to sender - not deliverable as addressed - unable to forward."

Petitioner has failed to comply with three court orders and he has not contacted this Court since December 27, 2011. The Court has the authority to dismiss an action for failure to prosecute and failure to comply with court orders under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action *sua sponte*. *See generally Link v. Wabash R.R.*, 370 U.S. 626 (1962); *Larson v. Scott*, 157 F.3d 1030 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988). The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. *Link*, 370 U.S. at 630. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id*. at 629-30.

The Court concludes that dismissal of this action for Petitioner's failure to prosecute and failure to comply with the Orders of the Court under Rule 41(b) of the Federal Rules of Civil Procedure is proper. *See Rice v. Doe*, No. 08-20381, 2009 WL 46882, at *1 (5th Cir. Jan. 8, 2009). Since the Respondents have not been called on to respond to the Petition, and the Court has not considered the merits of Petitioner's claims, the Court's Order of dismissal is without

prejudice. *See Munday/Elkins Auto. Partners, LTD. v. Smith*, 201 Fed. Appx. 265, 267 (5th Cir. 2006).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

SO ORDERED, this the 30th day of April , 2012.

*s/ Keith Starrett*

UNITED STATES DISTRICT JUDGE